IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

DAVID L. KINNEY and RAYMOND P.
KINNEY, individually and on behalf
of a Class of similarly situated persons,

    Plaintiffs,

v.

CNX GAS COMPANY LLC,
a Virginia limited liability company, and
NOBLE ENERGY, INC., a Delaware
Corporation,

    Defendants.

Civil Action No. 5:15-CV-160 (Bailey)
(Removed from Marshall County,
WV Civil Action No. 15-C-186)
Electronically filed: 12/09/2015

## NOTICE OF REMOVAL

Defendant, CNX Gas Company LLC ("CNX"), through undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Marshall County, West Virginia, to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.[1] Removal is proper as a class action under the Class Action Fairness Act of 2005 ("CAFA") because this is a single action in which monetary relief claims meeting the jurisdictional prerequisites are brought on behalf of 100 or more minimally diverse Plaintiffs pursuant to Section 1332(d)(11). In addition, removal is proper pursuant to the complete diversity provision in 1332(a). In support of removal, CNX states as follows:

1. On or about November 4, 2015, Plaintiffs, as individuals and on behalf of a Class of similarly situated individuals, commenced this putative class action by filing a complaint in the Circuit Court of Marshall County, West Virginia, bearing Civil Action No. 15-C-186.

---

[1] Noble Energy, Inc. has consented to the removal of this action to this Court.

7056290

2. On November 9, 2015, service of process was first effected upon CNX by way of service upon the West Virginia Secretary of State as its statutory attorney-in-fact.

3. In their Complaint, Plaintiffs assert claims against CNX and Noble Energy, Inc. ("Noble") for alleged actions arising out of oil and gas leases throughout West Virginia. Plaintiffs assert claims on "behalf of all individuals who have received royalty payments from the Defendants in which a flat-rate of post-production costs have been subtracted, which have not been actually incurred and are not reasonable." (Complaint ¶ 14).

4. Plaintiffs seek certification of this action as a statewide class action. (Complaint ¶ ¶ 14-25).

5. As more fully explained below, this case is properly removed to the Northern District of West Virginia pursuant to 28 U.S.C. § 1441 because CNX has satisfied the procedural requirements for removal and this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. In making this Notice of Removal, CNX specifically makes jurisdictional allegations in accordance with the decision of the United States Court of Appeals for the Fourth Circuit in *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) ("just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332,' *see* Fed. R. Civ. P. 84; Fed. R. Civ. P. app. Form 2(a), so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner . . .' "). CNX specifically denies that it violated any law; that Plaintiffs are entitled to the relief sought; or that class treatment is proper.

I. **CNX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

7. In accordance with 28 U.S.C. §§ 1446(b) and 1453(b), this Notice of Removal is timely because it is filed within 30 days of the time of purported service upon CNX.

8. The United States District Court for the Northern District of West Virginia encompasses the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(d), CNX is filing written notice of this removal with the Clerk of the state court in which the action is currently pending.

10. Pursuant to 28 U.S.C. § 1446(a), CNX attaches hereto as Exhibit "A" a copy of the state court file, including process and complaint.

11. Copies of this Notice of Removal are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331, 1332 AND 1441.**

   A. <u>This case is subject to removal pursuant to the Class Action Fairness Act of 2005. Pub. L. No. 109-2 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").</u>

12. As set forth below, this is a putative class action in which, according to the allegations of the Complaint, there are: (1) 100 or more members in the Plaintiffs' proposed class; (2) there is minimal diversity of citizenship insofar as at least one Plaintiff is a citizen of a state different from at least one Defendant; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate. Thus, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

7056290

13. In filing this notice of removal, CNX reserves all rights to challenge the propriety of certification under the applicable rules. CNX waives no defense to the allegations of the complaint or to class certification in making this removal. *See Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010) ("[F]ederal jurisdiction under the Class Action Fairness Act does not depend on certification."); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009) (finding CAFA reaches "proposed," as opposed to actually certified, classes); *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 324-25 (5th Cir. 2008) (finding subject-matter jurisdiction pursuant to CAFA in TCPA case while decertifying class action).

### 1. Class Action Consisting Of More Than 100 Members

14. In their Complaint, Plaintiffs seek to represent themselves and "all individuals who have received royalty payments from the Defendants in which a flat-rate of post-production costs have been subtracted, which have not been actually incurred and are not reasonable." (Complaint ¶ 14).

15. Plaintiffs contend in their Complaint that the number of persons similarly situated are "so numerous that joinder of all members is impracticable." (Complaint ¶ 16).

16. Although Plaintiffs do not purport to define the number of putative class members they seek to represent, they seek to represent a class of individuals who receive production royalty payments from CNX or Noble in which a flat-rate of post-production costs have been deducted. (Complaint ¶ 14).

17. CNX and Noble have an interest in over 100 leases throughout the State of West Virginia that contain the flat-rate post-production cost provision that Plaintiffs allege is invalid and seek reimbursement for. Many of these leases involve multiple interest owners. CNX has

identified over 150 royalty owners associated with said leases. Therefore, there are, at a minimum, over 100 members in the State of West Virginia that will become a part of the proposed class, satisfying the requirement for removal that there be more than 100 members.

18. Based on these and other allegations, the aggregate number of class members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### 2. Diversity of Citizenship

19. Only minimal diversity is needed for removal under CAFA. *See Gen. Tech Applications, Inc. v. Extra Ltd.,* 388 F.3d 114, 121 (4th Cir. 2004). Pursuant to CAFA, diversity of an LLC is determined by where the LLC was established and where it has its principal place of business.

20. Plaintiffs allege that at all times material and relevant they are citizens of Marshall County, West Virginia. (Complaint ¶ 1-2). Plaintiffs list no alternative state of residence. Accordingly, upon information and belief, West Virginia is the state in which Plaintiffs are domiciled and, therefore, the state of which they are a citizen. *See* 28 U.S.C. § 1332(a).

21. In addition, Plaintiffs seek to represent a class. (Complaint ¶ 14). They purport to seek recovery on behalf of class members throughout West Virginia. (Complaint ¶ 14).

22. CNX is, and was at the time Plaintiffs commenced this action, a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business in Pennsylvania, and therefore, is a citizen of Virginia and Pennsylvania for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

23. Noble is, and was at the time Plaintiffs commenced this action, a corporation

organized under the laws of the State of Delaware with its principal place of business in Texas, and therefore, is a citizen of Delaware and Texas for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

24. Accordingly, at least one proposed class member and one of the Defendants are diverse.

### 3. The Amount-In-Controversy Requirement Is Satisfied.

25. Under West Virginia law, Plaintiffs were not required to demand a specific sum. At the same time, West Virginia law permits recovery of damages in excess of the amount rendered. In this action, Plaintiffs do not demand a sum certain. Accordingly, this Notice of Removal may assert the amount in controversy pursuant to Section 1446(c)(2) as amended by the Jurisdiction and Venue Clarification Act of 2011.

26. "It is well established that the Court should examine the complaint at the time of removal in order to determine the amount in controversy." *St. Paul Mercy Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). CNX must show "by a preponderance of evidence that the pecuniary interest, in the aggregate, of either party is greater than $5,000,000.00." *Wheeling Hosp., Inc. v. Ohio Valley Health Services and Educ. Corp.*, 2010 WL 4977987, at *3 (N.D. W.Va. 2012). "The well settled test in the Fourth Circuit for calculating this amount is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally*, F2d 568, 569 (4th Cir. 1964).

27. The allegations in the Complaint provide a sufficient predicate for removal. Plaintiffs set forth three counts against the Removing Defendants: 1) Declaratory Judgment; 2) Unjust Enrichment; and 3) Fraud. Although the Complaint does not specifically set forth the

actual amount in controversy, the prayer for relief includes the following: (a) declaration that all flat-rate post-production costs clauses contained in Plaintiffs' and Class Members' leases are invalid under West Virginia law and all flat-rate post-production costs already subtracted from Plaintiffs' and Class Members' royalty payments must be reimbursed; (b) compensatory damages; (c) general damages; and (d) punitive damages. (Complaint Ad Damnum Clause).

28. Plaintiffs allege their claim is "typical of the claims of the class." (Complaint ¶ 18). Pursuant to CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Under this standard, Plaintiffs' claims meet the jurisdictional threshold.

29. First, Plaintiffs seek reimbursement of post-production cost deductions on behalf of themselves and the members of the putative statewide class for the Defendants' alleged subtraction of flat-rate post-production costs from their royalty payments that were neither actually incurred nor reasonable. In other words, Plaintiffs allege that they and every individual putative class member are entitled to reimbursement of the amount of flat-rate post-production costs deducted from all royalty payments made pursuant to the leases. Additionally, Plaintiffs seek compensatory and general damages arising from the Defendants' alleged wrongful flat-rate post-production cost deductions.

30. Since there are over 100 leases, and over 150 royalty owners that could be members of the Class, the amount of flat-rate post-production costs sought to be reimbursed, in the aggregate, is of pecuniary interest to Defendants of approximately $2,750,000.

31. Second, Plaintiffs allege that CNX and Noble acted fraudulently and so outrageously that they are entitled to punitive damages, along with the compensatory relief they

sought. Plaintiffs seek punitive relief on behalf of themselves and the class as a whole. Punitive damages augment the compensatory damages and thus increase the amount in controversy to over $5,000,000.

32. Third, Plaintiffs seek various forms of declaratory relief, including a declaration that the flat-rate post-production cost clauses are illegal and should be terminated from the leases. (Complaint, Ad Damnum Clause, ¶ 45). As CAFA's legislative history makes clear, the value of any injunctive or declaratory relief sought by the plaintiff is calculated from the perspective of the plaintiff *or the defendant. See, e.g.,* S. REP. 109- 14, at 42 (2005) ("the Committee intends that a matter be subject to federal jurisdiction under [28 U.S.C. § 1332(d)(6)] if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)"). Moreover, as CAFA explicitly requires the aggregation of claims in class actions for determining the amount in controversy, 28 U.S.C. § 1332(d)(6), the pre-CAFA concern "that assessing the amount in controversy from the defendant's perspective was tantamount to aggregating damages" is no longer relevant. *Id.* at 43.

33. A declaration that Defendants' right under the leases to deduct post-production costs is terminated would materially affect the economic value of every lease between the Defendants and the Plaintiffs and Class members. In practice, the Defendants would solely bear all post-production costs related to future production throughout the life of the lease. The impact would create a substantial decrease in lease economic value that will be felt by Defendants throughout the life of the lease. Thus, from the viewpoint of the Defendants, the value of the litigation, in the aggregate, is an amount greater than $5,000,000.

34. Last, in addition to compensatory damages, punitive damages and declaratory relief, Plaintiffs also seek, on behalf of themselves and the statewide class they seek to represent, unspecified "other specific or general relief as may become apparent as this matter progresses and such other relief as this Court deems proper." (*See* Complaint, Ad Damnum Clause).

35. The sum total of the following exceeds the $5,000,000. amount in controversy requirement: 1) the aggregate value of the declaratory relief sought, including reimbursement of all flat-rate post-production cost deductions and loss of economic value in the leases; 2) compensatory and general damages associated with the Defendants' subtraction of flat-rate post-production costs; 3) punitive damages for alleged fraudulent and outrageous conduct; and 4) the "other specific or general relief" that may become apparent as the matter progresses and the "Court deems proper." Because the amount in controversy exceeds the sum of $5,000,000., the jurisdictional amount under CAFA is satisfied to allow this matter to be properly removed to the Northern District of West Virginia.

**B.    This case is subject to removal pursuant to the complete diversity provisions of § 1332(a).**

36. In the alternative, removal is also proper because the requirements of complete diversity exist under Section 1332(a).

37. As stated above, the Plaintiffs state in their Complaint that at all times material and relevant Plaintiffs are citizens of the State of West Virginia.

38. CNX, for purposes of diversity under Section 1332(a), is a citizen of Delaware and Pennsylvania. CNX is a limited liability company organized under the laws of the Commonwealth of Virginia whose sole member is CNX Gas Corporation, a Delaware corporation with a principle place of business located in Pennsylvania. Because the citizenship

of an LLC for purposes of diversity under Section 1332(a) is that of its member(s), CNX is a citizen of Delaware and Pennsylvania.

39. Noble, as stated above, is a corporation organized under the laws of the State of Delaware and has a principle place of business located in Texas. Therefore, Noble is a citizen for purposes of diversity under Section 1332(a) of both Delaware and Texas.

40. The citizenship of unnamed Plaintiffs is not relevant to the determination of diversity under Section 1332(a). *See Supreme Tribe of Ben-Hur v. Cauble,* 255 U.S. 356 (1921) *(overruled on other grounds)*; *In re Agent Orange Prod. Liab. Litg.,* 818 F.2d 145, 162 (2d Cir. 1987) ("It is hornbook law, based on 66 years of Supreme Court precedent, that complete diversity is required only between the named plaintiffs and the named defendants in a federal class action."); *In re Amino Acid Lysine Antitrust Litig.,* 927 F. Supp. 273, 276 (N.D. Ill, 1996); *Borgeson v. Archer-Daniels Midland Co.,* 909 F. Supp. 709, 713 (C.D. Cal. 1995) ("In a class action, only the domicile of the class representative (plaintiff) is considered, rather than that of the class members.").

41. Thus, there is complete diversity under Section 1332(a) between the Plaintiffs and the Defendants.

42. In addition, the amount in controversy satisfies the jurisdictional requirements under Section 1332(a). Again, only the determination of the amount in controversy as it relates to the named Plaintiffs is relevant. This Court may exercise supplemental jurisdiction over additional plaintiffs who fail to satisfy the amount in controversy requirement, so long as the other elements of diversity jurisdiction are present and at least one named plaintiff satisfies the amount in controversy requirement. *See Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546 (2005). Thus, as long as the amount in controversy as it relates to the named Plaintiffs

is met, the amount in controversy requirement under Section 1332(a) is satisfied.

43. Here, as described above, the Plaintiffs do not specify in their Complaint the actual amount in controversy. Rather, the Plaintiffs set forth three counts against the Defendants including: 1) Declaratory Judgment; 2) Unjust Enrichment; and 3) Fraud. Based on those Counts, Plaintiffs' prayer for relief includes the following: (a) declaration that all flat-rate post-production costs clauses contained in Plaintiffs' and Class Members' leases are invalid under West Virginia law and all flat-rate post-production costs already subtracted from Plaintiffs' and Class Members' royalty payments must be reimbursed; (b) compensatory damages; (c) general damages; and (d) punitive damages. (Complaint Ad Damnum Clause).

44. The total flat-rate post-production costs sought to be reimbursed as it pertains to the named Plaintiffs has been calculated to equal over $100,000. Therefore, Plaintiffs claim for the reimbursement of all flat-rate post-production costs alone satisfies the requirement of Section 1332(a) that the amount in controversy be in excess of $75,000. Further, for the reasons described above, other relief sought including declaratory relief, punitive damages and unspecified other relief increases the amount in controversy, leaving no doubt that the jurisdictional amount is met.

45. Accordingly, this Court has jurisdiction over this civil action and removal is proper under Section 1332(a). Likewise, removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 in conjunction with CAFA.

46. No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby preserved.

47. CNX reserves the right to supplement this Notice of Removal or present additional arguments in support of entitlement to remove and in support of this Court's

7056290

jurisdiction.

WHEREFORE, CNX respectfully hereby removes this action from the Circuit Court of Marshall County, West Virginia, to this Court.

/s/Charles F. Johns
Charles F. Johns, Esq. (W. Va. Bar No. 5629)
Thomas J. Sengewalt, Esq. (W. Va. Bar No. 12183)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000
charles.johns@steptoe-johnson.com
tom.sengewalt@steptoe-johnson.com

*Counsel for Defendant CNX Gas Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2015, I served the foregoing "*Notice of Removal*" upon counsel of record electronically via CM/ECF as follows:

> James G. Bordas Jr., Esq. (W. Va. Bar No. 409)
> Jeremy M. McGraw, Esq. (W. Va. Bar No. 10325)
> BORDAS & BORDAS, PLLC
> 1358 National Road
> Wheeling, WV 26003
> jim@bordaslaw.com
> jeremy@bordaslaw.com
>
> *Counsel for Plaintiffs*
>
> Albert Seebok, Esq. (W.Va. Bar No. 4722)
> Rodney W. Stieger, Esq. (W. Va. Bar No. 11139)
> JACKSON KELLY PLLC
> 500 Lee Street East
> Charleston, WV 26301-3202
> aseabok@jacksonkelly.com
> rstieger@jacksonkelly.com
>
> *Counsel for Noble Energy, Inc.*

> /s/Charles F. Johns
> Charles F. Johns, Esq. (W. Va. Bar No. 5629)
> Thomas J. Sengewalt, Esq. (W. Va. Bar No. 12183)
> Steptoe & Johnson PLLC
> 400 White Oaks Blvd.
> Bridgeport, WV 26330
> (304) 933-8000
> charles.johns@steptoe-johnson.com
> thomas.sengewalt@steptoe-johnson.com
>
> *Counsel for Defendant CNX Gas Company LLC*