# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**DAVID L. KINNEY** and **RAYMOND P. KINNEY,** individually and on behalf of a Class of similarly situated persons**,**

    Plaintiffs,

v.                                      Civil Action No. 5:15-CV-160
                                                             (BAILEY)

**CNX GAS COMPANY LLC,** a
Virginia limited liability company**,**
and **NOBLE ENERGY, INC.,** a
Delaware Corporation**,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION TO REMAND

On this day, the above-styled civil action came before this Court upon consideration of Plaintiffs' Motion to Remand [Doc. 9], filed January 8, 2016. Defendants Noble Energy, Inc. and CNX Gas Company LLC filed their Joint Response in Opposition [Doc. 11] on January 25, 2016. Plaintiffs have chosen not to file a reply, and the time to do so has since expired. Accordingly, this Court finds the Motion is now ripe for decision. Having reviewed the record and considered the arguments of the parties, this Court concludes that the Plaintiffs' Motion to Remand [Doc. 9] should be **DENIED**.

## BACKGROUND

I.    **Factual and Procedural History**

On December 9, 2015, defendant CNX Gas Company LLC ("CNX"), with the consent

1

of defendant Noble Energy, Inc. ("Noble"), removed this action from the Circuit Court of Marshall County, West Virginia on the basis of federal diversity pursuant to 28 U.S.C. § 1332(a) and under the Class Action Fairness Act ("CAFA").[1]  There is no dispute that the parties are diverse.  Rather, the plaintiffs contend that removal is improper because: (1) the defendants cannot meet the $5,000,000 jurisdictional threshold under CAFA; (2) the defendants cannot meet the $75,000 jurisdictional threshold for the claims of the plaintiffs; and (3) even if the Court applies the $75,000 jurisdictional threshold to the claims presented by the entire class, the defendants still cannot meet that threshold.

The Complaint asserts three causes of action:  Count I - Declaratory Judgment; Count II - Unjust Enrichment; and Count III - Fraud, on behalf of the two named plaintiffs and all individuals who have received royalty payments from the defendants in which a flat-rate of post-production costs have been subtracted, which have not been actually incurred and are not reasonable [Doc. 1-1 at ¶ 14].

Plaintiffs seek recovery on behalf of themselves and a class of similarly situated individuals.[2]

---

[1] Although the defendants removed, in part, under CAFA, the defendants indicate in their Response [Doc. 11] that they "assert only that removal is proper under the rules of complete diversity as to the named plaintiffs under § 1332(a)" and that "[a]s further discovery may dictate, defendants reserve the right to assert that this Court has original jurisdiction under CAFA."  Accordingly, this Court will not conduct a CAFA jurisdictional analysis in this opinion.

[2] Although not specified in the Complaint, because plaintiffs seek a declaration that the flat-rate post-production costs clauses are illegal under West Virginia law, this Court will assume the proposed class is limited to those individuals whose mineral rights are situated in the State of West Virginia.

2

## DISCUSSION

1. **Amount in Controversy**[3]

Defendants in civil actions may remove a matter from state to federal court if the latter forum has original subject matter jurisdiction. This requirement can be based upon diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. § 1441. A federal district court has diversity jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332. As previously stated, this is now the defendants' stated basis for removal.

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" **Maryland Stadium Auth. v. Ellerbe Becket Inc.**, 407 F.3d 255, 260 (4th Cir. 2005) (citing **Mulcahey v. Columbia Organic Chems. Co.**, 29 F.3d 148, 151 (4th Cir. 1994)). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100 (1941). If federal jurisdiction is doubtful, a remand to state court is required. **Maryland Stadium**, 407 F.3d at 260. On the other hand, if this Court has jurisdiction, it is required to exercise it. **Gum v. Gen. Elec. Co.**, 5 F.Supp.2d 412, 415 (S.D. W.Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'").

In a removal action in which federal jurisdiction is premised upon 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiffs' claims exceed the jurisdictional

---

[3] The parties do not dispute that diversity of citizenship exists amongst the named plaintiffs and defendants.

amount. ***Landmark Corp. v. Apogee Coal Co.***, 945 F.Supp. 932, 935 (S.D. W.Va. 1996). Often, this burden is settled without argument because a plaintiff's good-faith claim for specific monetary damages in the complaint binds the defendant. ***St. Paul Mercury Indem. Co. v. Red Cab Co.***, 303 U.S. 283, 288 (1938); *see also* ***Horton v. Liberty Mut. Ins. Co.***, 367 U.S. 348, 353 (1961) (stating that general federal rule is that complaint determines the amount in controversy and, consequently, federal jurisdiction). However, when the complaint's *ad damnum* clause does not specifically state the amount in controversy – such as in this case – several courts require the removing defendant to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount. ***Tapscott v. MS Dealer Serv. Corp.***, 77 F.3d 1353, 1357 (11th Cir. 1996); ***De Aguilar v. Boeing Co.***, 11 F.3d 55, 58 (5th Cir. 1993); ***Gafford v. Gen. Elec. Co.***, 997 F.2d 150, 158 (6th Cir. 1993); ***Sanchez v. Monumental Life Ins. Co.***, 102 F.3d 398, 403-04 (9th Cir. 1996); ***Lohan v. Am. Express* Co.**, 2009 WL 2567853 (S.D. W.Va. Aug. 19, 2009); ***Allman v. Chancellor Health Partners, Inc.***, 2009 WL 514086 (N.D. W.Va. Mar. 2, 2009).

In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. ***Landmark Corp.***, 945 F.Supp. at 935 (citing ***Tapscott***, 77 F.3d at 1357). To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000. *See* ***Gaus v. Miles, Inc.***, 980 F.2d 564, 567 (9th Cir. 1992). Instead, a defendant seeking removal must "supply evidence to support his claim regarding the amount at issue in the case."

4

***Sayre v. Potts***, 32 F.Supp.2d 881, 886 (S.D. W.Va. 1999). Finally, in resolving the amount in controversy issue, a court "is not required to leave its common sense behind." ***Mullins v. Harry's Mobile Homes, Inc.***, 861 F.Supp. 22, 24 (S.D. W.Va. 1994)(Faber, J.).

In this case, the defendants point to the plaintiffs' prayer for relief, in which the plaintiffs seek: a declaration stating that the flat-rate post-production costs are illegal under West Virginia law and must be terminated from all mineral rights contracts with the defendants; a declaration that all flat-rate post-production costs already subtracted from their royalty payments must be reimbursed by the defendants; compensatory, general, and punitive damages; pre-judgment and post-judgment interest; and attorney fees and costs.

A. <u>Actual and Compensatory Damages</u>

The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal. ***Landmark Corp.***, 945 F.Supp. at 636-37. To calculate this amount, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. ***Weddington v. Ford Motor Credit Co.***, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999); *see also* ***Mullins v. Harry's Mobile Homes***, 861 F.Supp. 22, 24 (S.D. W.Va. 1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). In conducting this analysis, the court may consider, among other things:

> the type and extent of the plaintiffs['] injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the

> expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*Watterson v. GMRI, Inc.*, 14 F.Supp.2d 844, 850 (S.D. W.Va. 1997) (internal citations omitted).

"[I]t has long been a rule that each plaintiff in a diversity suit must independently satisfy the diversity statute's jurisdictional amount in controversy. *See* **Clark v. Paul Gray, Inc.**, 306 U.S. 583, 589 (1939)('when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court')." **Rosmer v. Pfizer Inc.**, 263 F.3d 110, 123 (4th Cir. 2001). To do otherwise would run afoul of the long-standing principle that plaintiffs' claims must be evaluated separately, regardless of whether they originate in a single transaction, and cannot be aggregated for purposes of satisfying the amount in controversy. As defendants correctly note in their response, however, where plaintiffs share a common and undivided interest in the object of the litigation, their alleged damages may be aggregated for jurisdictional purposes. *See* **Snyder v. Harris**, 394 U.S. 332, 347 (1969).

In this case, plaintiffs David and Raymond Kinney are the named lessors to the subject "Oil, Gas and Coalbed Methane Gas Lease" [Doc. 11-1]. Essentially, they conveyed the same leasehold interest in the property to CNX and both plaintiffs share the same interest in the post-production costs deducted and royalty payments made under the Lease. As such, this Court will aggregate the named plaintiffs' damages related thereto.

The defendants have also attached spreadsheets [Doc. 11-2] indicating that Noble has deducted a total of $58,157.16 in costs from the named plaintiffs' royalty payments. Defendants have also attached an affidavit showing that CNX has issued royalty payments to the named plaintiffs taking deductions totaling $56,000 [Doc. 11-4]. In addition, the deductions represent deductions for 2012 through 2015. The Lease has not expired and, therefore, the issue of deductions will also affect substantial future payments. Accordingly, defendants have shown the total costs taken are $114,157.16. Having found the jurisdictional threshold met, this Court does not find it necessary to delve into a discussion about punitive damages.

Finally, this Court will exercise its supplemental jurisdiction over the proposed class. See **Exxon Mobil Corp. v. Allapattah Servs., Inc.**, 545 U.S. 546 (2005).

## **CONCLUSION**

Upon consideration of the above, this Court finds the defendants have met their burden of demonstrating the jurisdictional amount in controversy. Accordingly, based on the foregoing, this Court is of the opinion that the Plaintiffs' Motion to Remand **[Doc. 9]** should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 5, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE